UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO VI) | MDL DOCKET NO. MDL 875 |

THIS DOCUMENT RELATES TO:
IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HENRY J. KUMFERMAN

      Plaintiff,

v.

ALBANY FELT COMPANY INC., CBS CORPORATION, CRANE CO., FOSTER WHEELER LLC, GENERAL ELECTRIC COMPANY, GEORGIA PACIFIC LLC, GOULDS PUMPS INC, HONEYWELL INTERNATIONAL INC, INGERSOLL RAND COMPANY, JOHN CRANE INC, MINNESOTA MINING & MANUFACTURING CO., OAKFABCO INC., OWENS-ILLINOIS INC., RAPID AMERICAN CORPORATION, RHONE-POULENC AG COMPANY INC., RILEY POWER INC, THE ORR FELT COMPANY, TRANE US INC., UNION CARBIDE CORPORATION, UNIROYAL INC.

      Defendants.

E.D. Pa. No. 2:10-cv-61429-ER

Transferred District:
Western District of Wisconsin
Case No. 94-799

**ALBANY INTERNATIONAL CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, ANSWER TO ANY AND ALL CROSS-CLAIMS AND CROSS-CLAIM AGAINST ALL DEFENDANTS**

COMES NOW the above named defendant, ALBANY INTERNATIONAL CORPORATION, improperly named as Albany Felt Company, Inc. (hereafter referred to as

1

"Albany"), by its attorneys, Crivello Carlson, S.C., and as and for an Answer and Cross-Claims to the Plaintiff's First Amended Complaint, admits, denies and alleges as follows:

## JURISDICTION

1. Answering paragraph 1, for lack of information sufficient to form a belief, denies the allegations contained therein.

2. Answering paragraph 2, this defendant admits that Albany has conducted business activities within the State of Wisconsin; denies the remainder of the allegations in paragraph 2 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 and, therefore, denies the remaining allegations contained therein.

3. Answering paragraph 3, for lack of information sufficient to form a belief, denies the allegations contained therein.

4. Answering paragraph 4, for lack of information sufficient to form a belief, denies the allegations contained therein.

5. Answering paragraph 5, for lack of information sufficient to form a belief, denies the allegations contained therein.

## GENERAL ALLEGATIONS

6. Answering paragraph 6, this defendant denies the allegations in paragraph 6 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 and, therefore, denies the remaining allegations contained therein.

7. Answering paragraph 7, for lack of information sufficient to form a belief, denies the allegations contained therein.

8. Answering paragraph 8, this defendant denies the allegations in paragraph 8 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and, therefore, denies the remaining allegations contained therein.

9. Answering paragraph 9, this defendant denies the allegations in paragraph 9 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. For lack of information sufficient to form a belief, this answering defendant denies the diagnosis of colon cancer and puts Plaintiff to his proof thereon.

10. Answering paragraph 10, for lack of information sufficient to form a belief, denies the allegations contained therein.

## COUNT I – PRODUCTS LIABILITY - NEGLIGENCE

11. Answering paragraph 11, denies that this answering defendant was negligent; admits, denies and alleges as if set forth herein in full the admissions, denials and allegations made to all general allegations.

12. Answering paragraph 12, this defendant denies the allegations in paragraph 12 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and, therefore, denies the remaining allegations contained therein.

13. Answering paragraph 13, this defendant denies the allegations in paragraph 13 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 and, therefore, denies the remaining allegations contained therein.

14. Answering paragraph 14, this defendant denies the allegations in paragraph 14 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and, therefore, denies the remaining allegations contained therein.

15. Answering paragraph 15 (a through e), this defendant denies the allegations in paragraph 15 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and, therefore, denies the remaining allegations contained therein.

16. Answering paragraph 16, this defendant denies the allegations in paragraph 16 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and, therefore, denies the remaining allegations contained therein.

**COUNT II – PRODUCT LIABILITY – UNREASONABLY DANGEROUS PRODUCT**

17. Answering paragraph 17, admit that the Plaintiff has made allegations with regards to this defendant and this defendant continues to deny such allegations.

18. Answering paragraph 18, this defendant denies the allegations in paragraph 18 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 and, therefore, denies the remaining allegations contained therein.

19. Answering paragraph 19, this defendant denies the allegations in paragraph 19 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 and, therefore, denies the remaining allegations contained therein.

20. Answering paragraph 20, this defendant denies the allegations in paragraph 20 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 and, therefore, denies the remaining allegations contained therein.

21. Answering paragraph 21 (a through d), this defendant denies the allegations in paragraph 21 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 and, therefore, denies the remaining allegations contained therein.

22. Answering paragraph 22, this defendant denies the allegations in paragraph 22 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 22 and, therefore, denies the remaining allegations contained therein.

### **COUNT III – NEGLIGENCE – PREMISES OWNER**

23. Answering paragraph 23, admits, denies, and alleges as if set forth herein in full the admissions, denials, and allegations made to paragraphs 1 through 22 of the Complaint.

24. Answering paragraph 24 (a), the allegations raised in paragraph 24 are not directed against Albany, and Albany therefore makes no response thereto. To the extent that any allegations contained in paragraph 24 can be construed against Albany, then Albany denies the same.

25. Answering paragraph 25, the allegations raised in paragraph 25 are not directed against Albany, and Albany therefore makes no response thereto. To the extent that any allegations contained in paragraph 25 can be construed against Albany, then Albany denies the same.

26. Answering paragraph 26, the allegations raised in paragraph 26 are not directed against Albany, and Albany therefore makes no response thereto. To the extent that any allegations contained in paragraph 26 can be construed against Albany, then Albany denies the same.

27. Answering paragraph 27, the allegations raised in paragraph 27 are not directed against Albany, and Albany therefore makes no response thereto. To the extent that any allegations contained in paragraph 27 can be construed against Albany, then Albany denies the same.

28. Answering paragraph 28, the allegations raised in paragraph 28 are not directed against Albany, and Albany therefore makes no response thereto. To the extent that any allegations contained in paragraph 28 can be construed against Albany, then Albany denies the same.

29. Answering paragraph 29, the allegations raised in paragraph 29 are not directed against Albany, and Albany therefore makes no response thereto. To the extent that any allegations contained in paragraph 29 can be construed against Albany, then Albany denies the same.

30. Answering paragraph 30, the allegations raised in paragraph 30 are not directed against Albany, and Albany therefore makes no response thereto. To the extent that any allegations contained in paragraph 30 can be construed against Albany, then Albany denies the same.

31. Answering paragraph 31, the allegations raised in paragraph 31 are not directed against Albany, and Albany therefore makes no response thereto. To the extent that any allegations contained in paragraph 31 can be construed against Albany, then Albany denies the same.

32. Answering paragraph 32 (a through g), the allegations raised in paragraph 32 are not directed against Albany, and Albany therefore makes no response thereto. To the extent that any allegations contained in paragraph 32 can be construed against Albany, then Albany denies the same.

33. Answering paragraph 33, the allegations raised in paragraph 33 are not directed against Albany, and Albany therefore makes no response thereto. To the extent that any allegations contained in paragraph 33 can be construed against Albany, then Albany denies the same.

## COUNT IV - DECLARATORY JUDGMENT

34. Answering paragraph 34, this defendant denies the allegations in paragraph 34 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 and, therefore, denies the remaining allegations contained therein.

35. Answering paragraph 35, this defendant denies the allegations in paragraph 35 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 and, therefore, denies the remaining allegations contained therein.

36. Answering paragraph 36, this defendant denies the allegations in paragraph 36 as they pertain to Albany and specifically denies the Plaintiff was exposed to asbestos in any way relating to conduct of this answering defendant. This defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 and, therefore, denies the remaining allegations contained therein.

## **AFFIRMATIVE DEFENSES**

As and for affirmative defenses, this answering defendant states and alleges to the Court as follows:

1. This Complaint is filed after the Statute of Limitations has run, and therefore all claims against Albany should be dismissed.

2. Any injuries, damages, and death alleged in the First Amended Complaint, upon information and belief are directly and proximately caused by the negligence of Henry J. Kumferman's employer or others for whose acts this defendant is not liable.

3. Depending upon dates of symptoms and/or diagnosis, some or all of the Plaintiff's claims may be barred by the applicable statute of limitations.

4. In the event that there are expenses related to the Plaintiff's claims paid by others who have not been named in this suit then, to that extent, the First Amended Complaint should be dismissed for failure to join indispensable parties.

5. Upon information and belief, injuries and damages to Henry J. Kumferman were directly and proximately caused by his contributory negligence.

6. At the time of answering of First Amended Complaint, it is not known conclusively whether service of process on this defendant was appropriate; if in the event service was not

8

appropriate, then in that event the action against this defendant must be dismissed for lack of personal jurisdiction.

7. Plaintiff's first cause of action for negligence in products liability is improperly pled against this defendant. Albany has never designed, manufactured, sold or distributed asbestos products.

8. Plaintiff's second cause of action in products liability for unreasonably dangerous product is improperly pled against this defendant. Albany has never designed, manufactured, sold or distributed asbestos products.

9. All or a portion of the First Amended Complaint fails to state a claim upon which relief can be granted.

10. All or a portion of Plaintiff's claims may be barred by the applicable statute of limitations and/or by the doctrine of *laches* and waiver.

11. Plaintiff may have failed to mitigate his damages.

12. Plaintiff's claimed injuries and damages are so removed from any alleged negligence or any alleged breach of duty on the part of Albany that any such claims made herein are barred on public policy grounds.

## **CROSS-CLAIMS**

As and for Cross-Claims against all other defendants, this answering defendant states and alleges to the Court as follows:

1. The Plaintiff in this action have alleged injuries and damages allegedly resulting from exposure to asbestos from either products manufactured, sold or distributed by defendants; this answering defendant has either denied specifically such allegations or has denied allegations for lack of information and belief.

2. In the event it is found that this answering defendant is liable to the Plaintiff as a result of products applied to it by manufacturers, distributors, or retailers then, in that event, this defendant is entitled to be indemnified for any such payments made either by way of settlement or judgment.

3. In the event it is found that there is a common liability of this defendant and any other defendant to the Plaintiff then, in that event, this defendant is entitled to judgment of contribution according to law.

### REPLY TO ANY AND ALL CURRENT OR FUTURE CROSS-CLAIMS

As and for a reply to all current and future Cross-Claims, defendant Albany International Corporation alleges and shows to the Court as follows:

1. This answering defendant incorporates by reference as set forth fully herein, all of its admissions, denials and averments as set forth in its Answer to the Plaintiff's First Amended Compliant.

2. This answering defendant denies that it will be liable in contribution, indemnification, subrogation, or otherwise, to any other party herein or on account of any cross-claim filed or to be filed, and denies all facts as alleged in support of all cross-claims.

WHEREFORE, this answering defendant demands judgment as follows:

1. Dismissing the Plaintiff's First Amended Complaint upon its merits and for the costs and disbursements of the action.

2. In the event this answering defendant is found liable to the Plaintiff as a result of products manufactured, distributed or sold to this defendant then, in that event, this defendant is entitled to judgment of indemnification for any sums paid plus the costs and disbursements of this action.

3. In the event that it is found that there is a common liability between this defendant and any other defendant to the Plaintiff, then this defendant is entitled to judgment of contribution against such other defendant according to law, plus the costs and disbursements of the action.

Dated this __22nd__ day of April, 2011.

        CRIVELLO CARLSON, S.C.
        Attorneys for Defendant
        Albany International Corporation, improperly named
        as Albany Felt Company Inc.

By:    /s/   ERIC D. CARLSON
        DONALD H. CARLSON
        Wisconsin State Bar No. 1011273
        ERIC D. CARLSON
        Wisconsin State Bar No. 1026562

POST OFFICE ADDRESS:
710 North Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Telephone: (414) 271-7722
Email: ecarlson@crivellocarlson.com