IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No.  MDL 875 |
| KUMFERMAN v. ASBESTOS CLAIMS et al | PA-ED No.  10-CV-61429<br>*Trans from WI-W Case No. 94-C-799-C* |

**PLAINTIFF'S MOTION TO STRIKE JOHN CRANE, INC.'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Plaintiff moves to strike John Crane, Inc.'s motion for summary judgment.  John Crane's summary judgment motion should be stricken because it is untimely based on the scheduling order for this round of dispositive motions.  Additionally, it should be stricken on the basis that the motion is untimely and has been waived because it was not filed in the first round of dispositive motions.

## ARGUMENT

**I.    John Crane's Motion for Summary Judgement is Untimely Based on the Renewed Scheduling Order**

The instant case is subject to the "Renewed Scheduling Order" issued September 17, 2013. (Ex 1.)  The scheduling order set a December 4, 2013 deadline for filing motions for summary judgment. (Ex 1 at 2.)  John Crane served their motion for summary judgment to Cascino Vaughan on December 10, 2013 via e-mail, noting difficulties accessing the ECF system. (Ex 2.)  John Crane electronically filed the motion the following day, December 11, 2013

1

(Ex 3.)

Defendant Crane Co., a separate legal entity from John Crane, moved for an extension of time in this case on November 26, 2013. (Ex 4 at 1.) The Court issued an order on December 6, 2013 granting in part Crane Co.'s motion and motions for joinder filed by Georgia Pacific Corporation, CBS Corporation, and General Electric Company. (Ex 4 at 2.) The order set December 10, 2013 as the deadline for Crane Co., Georgia Pacific, CBS, and General Electric to file summary judgment motions. (Ex 4 at 2.) John Crane did not file a motion for joinder and is not referenced in the December 6 order. Therefore, the extension granted to the moving defendants does not apply to John Crane. John Crane's motion is at least six days late and should be denied as untimely.

**II.     John Crane's Motion for Summary Judgment is Untimely Because John Crane Did Not File a Summary Judgment Motion Prior to the Original Deadline**

John Crane's motion should be struck as untimely because it has been filed months after the deadline for dispositive motions in this case. This case was previously part of the CVLO-5 scheduling order. (Ex 5 at 4.) The deadline for filing dispositive motions in CVLO-5 cases was December 14, 2012. (Ex 5 at 1.) Defendant failed to file any motion for summary judgment by that date. Indeed, Defendant has waited until nearly a year after the deadline to file its motion, and provided no explanation for its delay.

The failure to move for summary judgment by the dispositive motion deadline results in waiver. Although a new deadline for dispositive motions was created after the initial deadline, the second deadline was only created to address concerns about disclosure of evidence in the

motions already filed.  The need to reopen discovery led to the second dispositive motion deadline.  Extensive briefing and hearings took place and eventually led to the court order to reopen discovery and allow for dispositive motions after the close of the new discovery period.  Nothing in the record of those proceedings contemplated Defendants who had never filed a motion for summary judgment could avail themselves of a deadline created to cure alleged defects in the evidence disclosed in the first round of dispositive motions.  To the contrary, the order entered to cure the defects expressly limited plaintiffs to evidence that was cited in the first round.  If plaintiffs are so limited, defendants are also limited by what happened in the first round of dispositive motions.

Under Federal Rule of Civil Procedure 16(b)(4), in order for Defendant to file a motion for summary judgment after the deadline in the first round, Defendant would have needed to move the court for permission to do so and demonstrate good cause for why it did not file a motion for summary judgment by the deadline.  No such request was made by Defendant and no finding of good cause has been made by this court to extend the original deadline.  Without such a finding, this court is without power to extend original deadlines.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")  Here, the only finding of good cause related to reopening of discovery on the evidence in the motions on file in the first round.  Thus, Defendant's newly raised dispositive issues have been waived and should be struck.

## CONCLUSION

For the above reasons, plaintiff respectfully requests that this court strike Defendant's untimely motion for summary judgment.

Dated: January 4, 2014

<u>/s/ Robert G. McCoy</u>

Attorney for Plaintiff
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600

## Certificate of Service

I hereby certify that on January 3, 2014, I caused the forgoing to be electronically filed with the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

/S/ Robert G. McCoy

Attorneys for Plaintiffs

Allen D. Vaughan

Michael P. Cascino

Robert G. McCoy

Cascino Vaughan Law Offices

220 S. Ashland Ave.

Chicago, IL 60607

(312) 944-0600